LESLEY F. PORTNOY, ESQ.
Portnoy Law Firm
1100 Glendon Ave., 15th Floor
Los Angeles, CA 90024
(310) 692-8883
lesley@portnoylaw.com

HAROLD M. HOFFMAN, ESQ.
*Pro Hac Vice* Admission anticipated
240 Grand Avenue
Englewood, NJ 07631
(201) 410-8223
hoffman.esq@verizon.net

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEEGAN, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>MICHAEL LEE, TRAVIS MYERS, and MIHON CORP.,<br><br>Defendants. | Case No.: 24-cv-01698<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## OVERVIEW

1. By the instant complaint, Plaintiff brings claims on his own behalf and on behalf of those similarly situated (the "Class"), to redress nationwide injury deliberately and knowingly inflicted by Defendants on the United States consumer public through the advertisement, marketing, distribution and sale a product called *EnduranceXtra*, without disclosure that the

CLASS ACTION COMPLAINT 1

ingredient list printed on the product is deliberately falsified by Defendants in that it fails to disclose that the product is covertly adulterated with a pharmaceutical.

2.      Defendants' represent to the public, in writing on the product label, as well as on *endurancextra.com*, the website owned and operated by Defendants, that its product EnduranceXtra is a "natural male enhancement supplement," a "blue pill," and to be efficacious for erectile dysfunction ("ED").

3.      Under the heading "Supplement Facts," the product label explicitly states that EnduranceXtra is a wholly natural product consisting of a proprietary blend of herbal ingredients, including Ginseng.

4.      Defendants' claim, on the product label, that EnduranceXtra contains only herbal ingredients is a deliberate lie. Laboratory testing of EnduranceXtra discloses that it is adulterated with Sildenafil, the PDE5 inhibitor in the well known pharmaceutical *Viagra*. PDE5 inhibitors, available in the United States by prescription only, block the PDE5 enzyme to prevent it from working. This inhibition relaxes the blood vessels and increases blood flow. People take PDE5 inhibitors, under the supervision of a physician and, as noted, by prescription only, to treat ED.

5.      Defendants' deliberate lie concerning the true ingredients in their product is concocted and knowingly employed by Defendants falsely to suggest to the U.S. consumer public that EnduranceXtra can achieve positive results for those suffering from ED without the need for consultation with a physician, without disclosure of their ED situation to a third-party (which can be embarrassing to many men), without prescription, and without attendant purchase and consumption of a pharmaceutical.

6. Defendants' alleged deliberate lie as to the true ingredients of EnduranceXtra is also intended dangerously to dupe men suffering from various medical conditions that forbid them from consuming PDE5 inhibitors into thinking that EnduranceXtra delivers results with only natural ingredients, and without the need for a recognized, pharmaceutical ingredient. pharmaceutical ingredient

7. Upon information and belief, Defendants are well aware that EnduranceXtra is adulterated with Sildenafil, a PDE5 inhibitor available only under the supervision of a physician and by prescription only. In truth and in fact, the individual Defendants:

- Personally dominated, controlled and managed the marketing and sale of EnduranceXtra, including arranging for the adulteration of EnduranceXtra with Sildenafil.

- Personally managed, directed and controlled the scheme whereby EnduranceXtra was falsely represented and labeled, in writing, to be a wholly natural product;

- Personally exercised total and complete operational control and decision-making power, including product origination and development, marketing, sales, promotion, and covert adulteration with Sildenafil; and,

- Personally managed and controlled the fraudulent distribution and sale of the adulterated EnduranceXtra product.

8. Defendants' conscious, deliberate failure and refusal to disclose that EnduranceXtra is adulterated with a pharmaceutical puts the health of the U.S. consumer public at risk.

9. Sildenafil, the undisclosed pharmaceutical in EnduranceXtra, is in a class of pharmaceuticals called phosphodiesterase ("PDE") inhibitors. As noted above, PDE inhibitors work to treat erectile dysfunction by blocking a specific enzyme in the blood vessels. This allows blood vessels to relax, resulting in increased blood flow to the penis. This increased blood flow can cause an erection. But, as noted, Sildenafil is a pharmaceutical available in the United States only under the supervision of a physician, by prescription only.

10. Defendants' marketing of a purportedly natural product which is covertly adulterated with a controlled pharmaceutical puts the U.S, consumer public at risk and violates federal criminal statutes.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2) which provides for the original jurisdiction of the federal court in any class action in which any member of the Class is a citizen of a state different from any Defendants, and in which the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000.

12. Plaintiff alleges that the legal and equitable claims of individual Class members in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, and that the total number of members of the proposed Class is greater than 100, as required by 28 U.S.C. § 1332(d)(2), (5).  Further, as set forth below, Plaintiff is a citizen of a state different from the Defendants.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that the individual Defendants reside in this District, the corporate Defendant is headquartered in this District, and a

substantial part of the events, acts, transactions, and omissions giving rise to the claims asserted herein occurred in this District.

**THE PARTIES**

14. At all times relevant, Plaintiff Brian Keegan was a citizen of the State of New Jersey with a place of residence in Bergen County, New Jersey. Plaintiff suffers from high blood pressure and high blood sugar and consumes medication on a daily basis, prescribed by his physician, for these conditions. Plaintiff's medical condition prohibits him from ingesting Sildenafil for ED. Accordingly, in January 2024, Plaintiff purchased EnduranceXtra in reliance on the claim that it contained only natural ingredients. Plaintiff paid $42.98 for the EnduranceXtra product. Upon ingesting EnduranceXtra, Plaintiff experienced headache, dizziness, and blurred vision.

15. At all times relevant, Defendant Michael Lee was a citizen and resident of the State of California with a place of residence in Berkeley, California. At all times relevant, Defendant Travis Myers was a citizen and resident of the State of California with a place of residence in San Francisco, California. Defendant Lee serves as the Chief Financial Officer of the corporate Defendant and Defendant Myers serves as its Chief Executive Officer. Defendants Lee and Myers personally and exclusively own, control, operate and manage the illicit enterprise by which EnduranceXtra is advertised, manufactured, covertly adulterated with a drug, and then sold to the U.S. consumer public.

16. Defendant Mihon Corp., is a corporation organized and existing pursuant to the laws of the State of California corporation with its principal place of business in San Francisco.

Mihon Corp., which is owned and operated by the individual Defendants, functions as the nationwide distributor of EnduranceXtra.

17. Under the exclusive ownership, operation and control of the individual Defendants, Mihon Corp. has fraudulently petitioned the *U.S. Patent and Trademark Office* to grant a trademark for the EnduranceXtra mark as an herbal dietary supplement without disclosure that it is, in fact, covertly and unlawfully adulterated with a pharmaceutical

18. Defendants advertised, marketed, distributed and sold EnduranceXtra in commerce throughout the United States, including but not limited to the State of New Jersey, where Plaintiff resides.

## The EnduranceXtra Product

19. According to the EnduranceXtra label, the product, in capsule form, contains only natural, herbal constituent ingredients. In reality however, EnduranceXtra is not a natural, herbal blend as claimed. According to sophisticated laboratory analysis conducted in February 2024 by Flora Research Laboratories, a highly prominent U.S. testing laboratory registered and inspected by the U.S. Drug Enforcement Administration, each dose of EnduranceXtra (one capsule) contains 171.9 mg of the pharmaceutical Sildenafil. Shockingly, the maximum recommended dose of Sildenafil, when authorized by a physician's prescription, is 100 mg. The dangerous presence – even to healthy individuals – of almost twice that dosage of Sildenafil in EnduranceXtra is not disclosed on the product label. Defendants deliberately and knowingly conceal the substantial presence of Sildenafil in EnduranceXtra because Sildenafil may not be sold and/or lawfully obtained by a U.S. consumer without medical supervision and a prescription.

20. As a result, Defendants are knowingly, albeit covertly, dosing U.S. consumers with almost twice the maximum recommended dose of Sildenafil. And, Defendants are dosing U.S. consumers with almost twice the maximum dose of Sildenafil without any intervention, or oversight, by a physician.

21. Defendants's claims, promises and product labeling with respect to the constituent ingredients in EnduranceXtra were calculated and designed to lead Plaintiff and members of the putative class to believe that EnduranceXtra was a natural, herbal remedy for ED. Plaintiff and members of the putative class relied on Defendants's deceitful claims and purchased and consumed the product based on said deceitful claims.

22. Sildenafil, as noted, is a pharmaceutical available only at the direction, supervision, and prescription of a physician, after full medical consultation and examination, as it is potentially dangerous to the health of U.S. consumers if secured and ingested without medical authorization and clearance. Indeed, FDA approval of this pharmaceutical is specifically limited to its use under the supervision of a licensed medical professional. Due to toxicity and other potentially harmful effects – including life-threatening drops in blood pressure, loss of vision, and loss of hearing – Sildenafil is not safe for use except under the supervision of a medical practitioner. Yet, Defendants do not disclose that consumers of this product are ingesting Sildenafil. Indeed, Defendants affirmatively, albeit falsely, deny adulteration of the EnduranceXtra product with any pharmaceutical.

23. Members of the class, including Plaintiff, were deceived by Defendants' claims and misrepresentations concerning EnduranceXtra's purportedly natural, herbal constituents, and paid a purchase price for the product based on said claims by Defendants.

## CLASS ALLEGATIONS

24. Plaintiff brings this suit individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Subject to additional information obtained through further investigation and discovery, the definition of the Class may be expanded or narrowed. The proposed Class consists of all United States residents who purchased ***EnduranceXtra*** during the six (6) year period preceding the filing of this suit.

25. This action has been brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.

26. **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. The Class is comprised of consumers throughout the United States who purchased EnduranceXtra.

27. **Commonality:** Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members, and include:

(a) Whether Defendants' affirmative, material misrepresentations and concealment constitute common law fraud and/or a violation of the *California Consumers Legal Remedies Act;*

(b) Whether Defendants deliberately concealed the adulteration of EnduranceXtra with a pharmaceutical; and,

(c) the appropriate measure of damages suffered by Plaintiff and members of the Class.

28. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' illegal and shockingly deceitful conduct. Plaintiff, like other members of the Class, purchased and consumed

EnduranceXtra, after exposure to the same misrepresentations and/or concealment of its adulteration with Sildenafil. Plaintiff is advancing claims and legal theories typical to the Class.

29. **Adequacy:** Plaintiff's claims are made in a representative capacity on behalf of all members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

30. Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class. Plaintiff may identify and propose additional class representatives with the filing of Plaintiff's motion for class certification.

31. Plaintiff's counsel (anticipated to be admitted *pro hac vice*) is an experienced attorney who has previously been appointed as class counsel for certified classes of consumers by both state and federal courts in New York and New Jersey.

32. This suit may be maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants has acted, and/or has refused to act, on grounds generally applicable to the Class, thereby making final relief appropriate.

33. Plaintiff also seeks injunctive relief requiring Defendants to: (i) discontinue advertising, marketing, packaging, distributing, selling and otherwise representing EnduranceXtra as a natural herbal product; (ii) surrender of their existing stock of the product to the U.S. Food and Drug Administration; (iii) undertake a public information campaign to Class members of their false and deceitful prior practices; and (iv) correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of

EnduranceXtra, including without limitation, the placement of corrective advertising and providing written notice to the U.S. consumer public.

34. **Superiority**: In addition, this suit may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The claims asserted herein are applicable to all consumers throughout the United States who purchased EnduranceXtra. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants's conduct. It would be virtually impossible for members of the Class, acting individually, effectively and cost-efficiently to redress Defendants's wrongful conduct. Individual litigation would enhance delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**

**[Common Law Fraud]**

35. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

36. Defendants made false statements of material fact which they knew to be false at the time they were made. The false statement made by Defendants were made in writing on the EnduranceXtra product label: that the product was comprised of

solely herbal ingredients. Defendants knew this statement to be false. Defendants knew that EnduranceXtra was adulterated with Sildenafil, a PDE5 inhibitor available by prescription only.

37.     Defendants made the aforesaid materially false statements for the purpose of inducing consumers to act in reliance thereon. Innocent consumers acted in reasonable reliance on the accuracy of Defendants' representation that EnduranceXtra was comprised of only natural ingredients and, as a result, suffered damages.

38.     Indeed, Defendants fully intended falsely to represent EnduranceXtra as a natural, herbal product and to conceal the fact that it was adulterated with a pharmaceutical. Moreover, Defendants fully intended that consumers rely on the deliberate falsity and material incompleteness of EnduranceXtra' ingredient list stated on the product label.  As a result, Defendants induced and achieved consumer purchases of EnduranceXtra via deceit.

39.     Plaintiff and the putative class of consumers reasonably relied on Defendants' lies and deceit as to the constituent ingredients of EnduranceXtra. There was absolutely no reason to doubt the claim that EnduranceXtra was free of controlled pharmaceuticals.  Indeed, there was no reason to doubt the very reasonable conclusion that a merchant would never put a consumer's health at risk by failing to disclose that a product that was to be ingested by consumers contained an undisclosed, potentially dangerous pharmaceutical ingredient.

40.     Defendants' false labeling of EnduranceXtra and their false representation as to the true constituent ingredients of EnduranceXtra, as well as their conscious, deliberate failure to disclose that EnduranceXtra was adulterated with a pharmaceutical, constitutes a highly material misrepresentation and concealment of a highly material fact.

41. Defendants knew full well that EnduranceXtra's ingredient list was materially false and that EnduranceXtra was adulterated with Sildenafil. For example, Defendants' product label warns consumers to not consume "more than 2 capsules in one day," and it also warns consumers to "consult your doctor if you have a medical condition..." These advisements and warnings evidence Defendants' awareness that they were marketing a pharmaceutical, and not an herbal product. Indeed, the aforesaid advisement and warning mirrors information provided to consumers of the pharmaceutical Sildenafil under a physician's supervision. Such advisements and warnings have no application whatsoever to a truly herbal product. Defendants' claim of selling an herbal product was a conscious lie.

42. Defendants fully intended falsely to represent EnduranceXtra as a natural, herbal product and to conceal the fact that it was adulterated with a pharmaceutical

43. Defendants fully intended that consumers rely on the deliberate falsity and material incompleteness of EnduranceXtra's ingredient list.

44. Defendants further fully intended to conceal the adulteration of EnduranceXtra from state and federal regulatory and law enforcement authorities.

45. Plaintiff and the putative class of consumers reasonably relied on Defendants's lies and deceit as to the constituents of EnduranceXtra.

46. Plaintiff and the putative class of consumers were damaged by being subjected to a non-prescribed, potentially dangerous pharmaceutical, as well as by the taking of funds expended to purchase a purportedly natural product marketed and sold based on lies, deceit and material concealment of EnduranceXtra's true constituent ingredients.

**WHEREFORE**, plaintiff, individually and on behalf of the class, demands judgment against the Defendants for such damages as are permitted by law, including but not limited to punitive damages, together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and such other and further relief, including but not limited to injunctive relief, as the Court deems just and proper.

### SECOND CAUSE OF ACTION
### [California Consumers Legal Remedies Act ("CLRA")]

47. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

48. The CLRA provides consumers with a private right of action for unfair or deceptive practices in connection with a transaction that results in the sale of goods. The CLRA applies to both actions and material omissions by a defendant

49. Defendants' EnduranceXtra ingredient list, written on the product itself and containing a highly material lie, to wit, failure to disclose adulteration with a pharmaceutical, constitutes a deceptive act and practice in connection with a transaction resulting in the sale of Defendants' product.

50. Plaintiff and the putative class of consumer-purchasers of EnduranceXtra suffered damages caused directly by Defendants's deceptive act. These damages include being unknowingly drugged by Defendants; being tricked into unknowingly ingesting a pharmaceutical; and, being tricked into expending funds to purchase a purportedly natural product based on a material, deliberate lie as to its constituent ingredients.

51. More than thirty (30) days prior to commencement of this action, Plaintiff notified both the Defendants and their attorney in writing of the violations identified and alleged above, and further demanded that they be corrected. Defendants' counsel acknowledged receipt of Plaintiff's written notice but Defendants opted to perpetuate their unlawful conduct by falsely denying any impropriety in connection with the marketing and sale of their EnduranceXtra product.

**WHEREFORE**, plaintiff, individually and on behalf of the class, demands judgment against the Defendants for such damages as are permitted by law, including but not limited to punitive damages, together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and such other and further relief, including but not limited to injunctive relief, as the Court deems just and proper.

### JURY DEMAND

Demand is hereby made for trial by jury as to all issues.

PORTNOY LAW FIRM

/s/ Lesley F. Portnoy
Lesley F. Portnoy, Esq.
1100 Glendon Ave., 15th Floor
Los Angeles, CA 90024
(310) 692-8883
Email: lesley@portnoylaw.com

HAROLD M. HOFFMAN, ESQ.
*Pro Hac Vice* Admission anticipated
240 Grand Avenue
Englewood, NJ 07631
(201) 410-8223
Email: hoffman.esq@verizon.net